Lawrence Spasojevich (LS 1029)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele: (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERTHA J. LIRIANO,

                        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                        Defendant.

CASE NO.

**COMPLAINT**

ECF Case,

---

Plaintiff, BERTHA LIRIANO, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Complaint against Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) retaliatory damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

4. Plaintiff, BERTHA LIRIANO, is an adult resident of New York County, New York.

5. Defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York, and is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

6. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

7. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

8. The minimum wage rate in the City of New York for the year 2020 is $15.00.

9. Plaintiff was employed by the New York City Department of Education as a school lunch helper.

10. Plaintiff worked a regular schedule of Monday through Friday from 7:30 a.m. until 2:45 p.m.

11. Plaintiff was assigned to work at Intermediate School 90 in New York, New York.

12. However, on April 28, 2020, Plaintiff received a call from the field office of Defendants and was notified that she was being transferred to Public School 115.

13. However, Plaintiff remained for approximately one week at Intermediate School 90 and continued to work.

14. Plaintiff's supervisors had actual and constructive knowledge that Plaintiff continued to work at Intermediate School 90.

15. When Plaintiff complained that she was not being paid for the work she was performing at Intermediate School 90, Plaintiff was informed that she would not be paid for that time, and further, would not continue to be paid for her work.

16. Thereafter, Plaintiff continued to work for Defendant, continued to clock-in at her work site, continued to receive directions from her supervisors, and was not compensated for her time.

17. Specifically, Plaintiff worked Defendant from April 2020 until July 2020 was not compensated at all for her work.

18. Upon information and belief, this was done in retaliation directed towards Plaintiff as Plaintiff complained to her supervisor that she was not compensated for the week in April in which she worked at Intermediate School 90.

19. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal Department of Labor Regulations.

20. Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

21. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "20" of this Complaint as if fully set forth herein.

22. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23. At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

24. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

25. Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

26. Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

27. At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

28. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendant(s) knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

30. Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

31. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

32. Due to the intentional, willful and unlawful acts of the Defendant(s), Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the minimum wage rate and an equal amount as liquidated damages, and prejudgment interest.

33. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the minimum wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the minimum wage rate pursuant to 29 U.S.C. § 216;

(c) An award of prejudgment and post-judgment interest;

(d) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(e) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 15, 2020

Respectfully submitted

By: _____
Lawrence Spasojevich (LS 1029)

By: _____
Imran Ansari (IA 1978)